IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROBERT BRAMLETT, MELANY     §
BRAMLETT, SHERRI ENSOR, and    §
MARSHA MAXWELL,                §
                              §
Plaintiffs,                   §
                              §    Case No.: 1:19-cv-1068-JRN
v.                       §
                              §
HOURGLASS MANAGEMENT       §
CORPORATION AND INNOVATIVE  §
FUNDING SERVICES CORPORATION,  §
                              §
Defendants.                §

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH AND FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

TO THE HONORABLE COURT:

Defendants filed a response (Document 26) to Plaintiffs' motion (Document 25) in which they continue to repeat the falsehood that the Plaintiffs' "concerns with COVID-19 are not as sincere as originally represented to Defendants," but the response fails to engage with any of the arguments made in the motion.

In their motion, Plaintiffs argued that there is no logical basis for claiming that being in the same room as another person is inconsistent with being concerned about the transmission of COVID-19. The closest that Defendants come to responding to that is claiming that "if Ms. Ensor and Ms. Maxwell truly had legitimate COVID-19-related health concerns that prohibited in-person depositions, Ms. Ensor and Ms. Maxwell would not have been sharing an interior space without wearing any personal protective equipment, a situation that greatly increases the risk of viral transmission and the spread of COVID-19." *Defs.' Resp.* at 2–3. Defendants do not cite any authority in support of this factual assertion.

It appears that the Defendants' main source for this claim is 20/20 hindsight.  On the date of Ms. Ensor's deposition (May 19, 2020), the CDC's guidance for having one unrelated person at one's home was to "Stay at least 6 feet (about 2 arms' length) from other people."  CDC, HOW TO PROTECT YOURSELF & OTHERS, *available at* https://web.archive.org/web/20200519002141/https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (version published on May 19, 2020).  At that time, the CDC only recommended that people wear face coverings "when they have to go out in public, for example to the grocery store or to pick up other necessities."  *Id.*  Ms. Ensor and Ms. Maxwell did what the public health authority was recommending at that time.

Defendants also wholly refuse to confront the fact, emphasized in Plaintiffs' motion, that the CEOs of both Defendants also asked for remote depositions because of COVID-19 concerns and also have been in the same indoor space as other, unrelated people.  This fact means that either (1) Defendants' arguments about the sincerity of Ms. Ensor's and Ms. Maxwell's health concerns are meritless, or (2) both of Defendants' CEOs are "guilty" of the same transgression as Ms. Ensor and should also have their depositions redone.  Defendants did not advise the Court about which of those two alternatives they believe is correct, but those are the only two possibilities.

In addition to filing a "response" that does not respond to the arguments in the motion, the Defendants have continued what is becoming a pattern of misrepresenting facts in Court filings.  Defendants claim that "the original agreement between the parties [was] that, in exchange for taking remote depositions, Ms. Ensor and Ms. Maxwell would not be in the room during the other parties' depositions."  *Defs.' Resp.* at 7.  That claim is false.

The truth is that the parties spent an inordinate amount of time negotiating the conditions for remote depositions.  *See Exhibit 1*, at 2–4.  At the conclusion of that process, <u>counsel for Defendants</u> drafted the template remote deposition notice containing all the parties' agreements. *Exhibit 1*, at 1; *Exhibit 2* (attachment to Exhibit 1).  The agreements included the following: "**The parties agree that there will be no individuals present at the deposition, either remotely or in the same room as the deponent, except for** the parties' counsel and necessary staff, the Court Reporting Services, and **the other parties**." *Exhibit 2* (emphasis added).[1]

To sum up, the Plaintiffs' motion should be granted, and Ms. Ensor should be protected from a second deposition.  However, if the Court orders that Defendants may depose her twice, there is no basis to prohibit other Plaintiffs from being in the room with her.  Further, if the Court orders that Defendants may re-depose Ms. Ensor, Plaintiffs request the opportunity to re-depose Mr. Shoemaker and Ms. Pierson, Defendants' CEOs, for the same reasons argued in Defendants' response.

*Respectfully Submitted,*

*/s/ Matt Bachop*
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
DEATS DURST & OWEN, PLLC.
707 West 34th Street, Suite 3
Austin, Texas 78705
(512) 474-6200
(512) 474-7896 – Fax

ATTORNEY FOR PLAINTIFFS

---

[1] As referred to in Exhibit 4 to Plaintiffs' motion (on page 2), the Defendants later tried to falsely claim that the parties agreed not to have other parties in the room during remote depositions by unilaterally drafting a new deposition notice that claimed that the parties agreed to that.  Of course, that is not how agreements work.  This is yet another example of the Defendants playing fast and loose with the truth.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on counsel for Defendants, Kayla D. Dreyer, kayla.dreyer@lewisbrisbois.com, Alice Conway Powers, alice.powers@lewisbrisbois.com, LEWIS BRISBOIS BISGAARD & SMITH LLP, 1700 Lincoln Street, Suite 4000, Denver, Colorado 80203, Fax: (303) 861-7767, by the Court's CM/ECF system on this 22nd day of August, 2020.

*/s/ Matt Bachop*
Matt Bachop