**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT BRAMLETT, MELANY BRAMLETT, SHERRI ENSOR, MARSHA MAXWELL,** | § § § | |
| *Plaintiffs* | § § | **A-19-CV-01068-JRN** |
| **-vs-** | § § | |
| **HOURGLASS MANAGEMENT CORPORATION,  INNOVATION FUNDING SERVICES CORPORATION,** | § § | |
| *Defendants* | | |

**ORDER**

Before the Court in the above-entitled and styled cause of action are Plaintiff's Motion to Quash and for Protective Order (Dkt. 25), Defendants' Motion for Extension of Time to Complete Discovery and Dispositive Motions Deadline (Dkt. 29), and the parties' associated response and reply briefs. The Court will GRANT Plaintiff's Motion to Quash and Protective order and DENY Defendants' Motion for Extension.

Defendants took the deposition of Plaintiff Sherri Ensor on May 19, 2020 via videoconference. *See* (Mot., Dkt. 25, at 2). The fact that the deposition was conducted via videoconference stemmed from Plaintiffs' desire to avoid in-person depositions due to fears of COVID-19. (Resp., Dkt. 26, at 2). Partway through the deposition, Defendants discovered that another plaintiff, Ms. Ensor's friend Marsha Maxwell, was also in the room with Ms. Ensor. *Id.*

Defendants elected to terminate the deposition and seek leave of court to reschedule it because Defendants believed Ms. Maxwell's presence indicates that Plaintiffs were not truly concerned about COVID-19. *Id.* at 2–3. It does not appear that Ms. Maxwell's mere *presence* in

the room violated the parties' agreements, as they had agreed that "the other parties" would be allowed in the room during depositions (Reply, Dkt. 27, at 3). Therefore, the entire crux of Defendants' argument relies upon the idea that an individual having one unrelated friend near them demonstrates a lack of genuine concern about COVID-19 and therefore that individual should have acquiesced to requests for in-person depositions.

The Court does not agree. Ms. Ensor's choice to have a "long-time friend"[1] and fellow plaintiff present at the deposition does not display a lack of genuine concern about COVID-19 and does not necessitate that she should be forced to accept greater risks by appearing for a deposition in person. Informed acceptance of a small, controlled risk does not mean that concern for unknown, potentially greater risks is insincere.

Rule 30(a)(2)(A)(ii) dictates that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): . . . (ii) [if] the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(2)(C) dictates that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). It is the Court's opinion that Defendants had the opportunity to depose Ms. Ensor and chose to end the deposition early for petty reasons. They should not be allowed to reopen discovery and again subject Ms. Ensor to deposition—especially an in-person deposition as they request—merely because they incorrectly surmised that she was not genuinely concerned about the coronavirus.

The cost of preparing the briefing associated with Docket Entries 25 and 29 will be assessed against Defendants' law firm. The Court implores the children to play nice.

---

[1] *See* (Mot., Dkt. 25, at 2).

## CONCLUSION

For the reasons described herein, the Court enters the following orders:

**IT IS ORDERED** that Plaintiffs' Motion to Quash and for Protective Order (Dkt. 25) is **GRANTED** and Defendants' Motion for Extension of Time (Dkt. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit an affidavit detailing the cost of preparing the briefing associated with Docket Entries 25 and 29. Within 7 days after this affidavit is filed, Defendants' lawyers are to tender that amount to Plaintiff's counsel.

**SIGNED this 14th day of September, 2020.**

**JAMES R. NOWLIN**
**SENIOR U.S. DISTRICT JUDGE**